J-S43005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL VINCENT FERRARA | |
| Appellant | No. 1187 WDA 2017 |

Appeal from the Judgment of Sentence Entered July 11, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0002883-2016

BEFORE: STABILE, DUBOW, NICHOLS, JJ.

MEMORANDUM BY STABILE, J.:          **FILED OCTOBER 22, 2018**

Appellant Michael Vincent Ferrara appeals from the July 11, 2017 judgment of sentence entered in the Court of Common Pleas of Erie County ("trial court"), following his guilty plea to aggravated indecent assault, criminal trespass and possession of an instrument of crime.[1] Upon review, we affirm in part and vacate in part.

The facts and procedural history of this case are uncontested. As summarized by the trial court:

> On July 10, 2016, at approximately 5:45 a.m., Appellant entered the residence of [S.M.] in Albion, Pennsylvania through an unlocked window. The victim was sleeping when Appellant entered the residence. [S.M.] woke to find Appellant lying on top of her, touching her vagina and holding a knife to her neck. Following a brief struggle, the victim chased Appellant from the residence. Appellant dropped the knife to the floor as he fled. By

---

[1] 18 Pa.C.S.A. §§ 3125(a)(4), 3503(a)(1)(ii), and 907(a), respectively.

information filed September 22, 2016, Appellant was charged as follows:

Count One: Burglary

Count Two: Aggravated Indecent Assault

Count Three: Criminal Trespass

Count Four: Possession of Instruments of Crime

Count Five: Indecent Assault

On October 6, 2016, Appellant entered a guilty plea at Count Two to Simple Assault which had been amended from Aggravated Indecent Assault, and Count Three, Criminal Trespass. Counts One, Four and Five were *nolle prossed*.

On November 4, 2016, the Commonwealth filed a Motion to Vacate the Guilty Plea. In sum, the Commonwealth alleged that there was no valid plea agreement [because a "clerical error," caused the plea sheet to include a Count for Simple Assault instead of Aggravated Indecent Assault]. On November 7, 2016, the [trial court] granted the Commonwealth's Motion.[2]

On January 26, 2017, Appellant entered [into another] guilty plea to Counts Two, Three and Four as originally charged. Counts One and Five were *nolle prossed*. On January 26, 2017, the [trial court] ordered the sexually violent predator (SVP) assessment.

On July 11, 2017, following a hearing, the [trial court] designated Appellant as a sexually violent predator. Appellant was sentenced in the standard range of the sentencing guidelines to an aggregate [term] of seven to fourteen years of incarceration as follows:

Count Two: Aggravated Indecent Assault – five to ten years of incarceration, consecutive to any other sentence.

Count Three: Criminal Trespass – one to two years of incarceration, consecutive to Count Two.

Count Four: Possession of Instruments of Crime – one to two years of incarceration, consecutive to Count Three.

On July 20, 2017, Appellant filed post-sentence motions requesting the [trial court] to vacate the guilty plea and Appellant's designation as a sexually violent predator and/or to

---

[2] Appellant did not appeal the grant of the Commonwealth's motion to vacate the guilty plea.

- 2 -

reduce the sentence. On August 7, 2017, the Commonwealth filed a response. On August 10, 2017, the [trial court] denied the post-sentence motions.

On August 14, 2017, Appellant filed a notice of appeal from the judgment of sentence. On August 21, 2017, the [trial court] directed Appellant to file a [Pa.R.A.P.] 1925(b) [statement of errors complained of on appeal]. On August 23, 2017, Appellant filed a [Rule 1925(b) statement].

Trial Court Opinion, 12/4/17, at 1-3 (unnecessary capitalizations, footnotes and internal citations omitted). In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that Appellant's assertions of error merit no relief.

On appeal, Appellant raises three issues for our review:

[I.] Whether the trial court erred in granting the Commonwealth's motion to vacate [] Appellant's guilty plea?

[II.] Whether the trial court erred in finding [] Appellant to be a sexually violent predator by clear and convincing evidence?

[III.] Whether the trial court abused its discretion in sentencing [] Appellant and whether that . . . sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the sentencing code?

Appellant's Brief at 3 (unnecessary capitalizations omitted).

We address Appellant's claims *seriatim*. Appellant first argues that the trial court erred in granting the Commonwealth's motion to vacate the October 6, 2016 guilty plea. Based on our review of the record, we need not address the merits of this claim. As mentioned earlier, not only did Appellant fail to challenge the trial court's grant of the Commonwealth's motion to vacate the October 6, 2016 guilty plea, but he subsequently entered into a new guilty plea on January 26, 2017, on which the instant judgment of sentence was entered. In other words, because Appellant executed a new guilty plea on

January 26, 2017, he waived all non-jurisdictional challenges. Indeed, it is settled that by entering a guilty plea, a defendant waives his right to challenge on direct appeal all non-jurisdictional defects, except the legality of the sentence and the validity of the plea. **Commonwealth v. Luketic**, 162 A.3d 1149, 1159 (Pa. Super. 2017). Accordingly, we cannot review the trial court's grant of the Commonwealth's motion to vacate the October 6, 2016 guilty plea.

Appellant next argues that, under **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), **appeal granted**, No. 47 WAL 2018, 2018 WL 3633945 (Pa. filed July 31, 2018), his SVP designation is unconstitutional.[3]

As this Court has explained:

> **Butler** applied **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), which held that the sexual offender requirements under the Sexual Offender Registration and Notification Act, including its SVP framework, constitute punishment. **Butler** determined that, as a result of **Muniz**, the SVP procedure is subject to the constitutional requirement that the facts constituting that punishment must be found by a fact-finder beyond a reasonable doubt. Thus, 42 Pa.C.S.A. § 9799.24(e)(3), which requires the trial court to find the relevant facts by clear and convincing evidence, was deemed unconstitutional. **Id.** at 1218.

**Commonwealth v. Tighe**, 184 A.3d 560, 583 (Pa. Super. 2018).

Here, the Commonwealth concedes that **Butler** renders Appellant's SVP designation under SORNA illegal. We agree with both parties that **Butler** controls. Therefore, we vacate the July 11, 2017 order declaring Appellant as SVP under SORNA, and remand this matter to the trial court to determine

---

[3] In light of our disposition, we need not address Appellant's argument challenging the sufficiency of the evidence underlying his SVP designation.

what registration requirements apply to Appellant, and to provide him proper notice thereof.

Nonetheless, the Commonwealth invites us to uphold Appellant's SVP designation under the General Assembly's recent amendments to SORNA in response to **Butler** and **Muniz**. Commonwealth's Brief at 5. Indeed, on February 21, 2018, the General Assembly amended SORNA. **See** Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10"). Act 10 amended several existing provisions of SORNA, and also added several new sections found at 42 Pa.C.S.A. §§ 9799-42, 9799.51-9799-75. More recently, Governor Wolf signed new legislation striking the Act 10 amendments and reenacting new SORNA provisions, effective June 12, 2018. **See** Act of June 12, 2018, P.L. 1952, No. 29. We, however, decline to entertain the Commonwealth's Act 10 argument, because Appellant was not sentenced under Act 10 or its recent revisions when he was designated as an SVP on July 11, 2017. Accordingly, any discussion or analysis of Act 10 or its revisions in the instant appeal would be premature.

We lastly address Appellant's argument that the trial court abused its discretion in sentencing him to seven to fourteen years' imprisonment.[4] In

---

[4] When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record

support of his argument, Appellant points out that his aggregate sentence is manifestly excessive because the trial court ordered his sentences to run consecutively. He also argues that, in fashioning his sentence, the trial court failed to take into account mitigating factors. Appellant's Brief at 10-11.

As noted earlier, "when a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." *Commonwealth v. Stradley*, 50 A.3d 769, 771 (Pa. Super. 2012) (citation omitted). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted). "However, when the plea agreement is open, containing no bargained for or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of h[is] sentence."[5] *Commonwealth v. Roden*, 730 A.2d 995, 997 n.2 (Pa. Super. 1999) (citation omitted).

It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220

---

discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)), *appeal denied*, 64 A.3d 630 (Pa. 2013).

[5] The record in this case reveals that Appellant entered into an open guilty plea.

(Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. **Commonwealth v. W.H.M.**, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id.** at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. **See Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super. 2001), **appeal denied**, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-part **Moury** test. Appellant filed a timely appeal to this Court, preserved the issue on appeal through his post-sentence motions, and included a Pa.R.A.P.

2119(f) statement in his brief.[6]  We, therefore, need to determine only if Appellant's sentencing issues raise a substantial question.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis.  **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007).  We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."  **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), **appeal denied**, 964 A.2d 895 (Pa. 2009).

It is settled that this Court does not accept bald assertions of sentencing errors.  **See Commonwealth v. Malovich**, 903 A.2d 1247, 1252 (Pa. Super. 2006).  We consistently have recognized that bald excessiveness claims premised on imposition of consecutive sentences do not raise a substantial question for our review.  **See Commonwealth v. Caldwell**, 117 A.3d 763, 769 (Pa. Super. 2015) (*en banc*) (stating, "[a] court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question[ ]"), **appeal denied**, 126 A.3d 1282 (Pa. 2015); **see also Commonwealth v. Ahmad**, 961 A.2d 884, 887 n.7 (Pa. Super. 2008);

---

[6] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence."  Pa.R.A.P. 2119(f).

***Commonwealth v. Pass***, 914 A.2d 442, 446-47 (Pa. Super. 2006). Appellant here claims only that, because the trial court ordered his sentences to run consecutively, his aggregate sentence was harsh and excessive. Consistent with the foregoing cases, we conclude that Appellant failed to raise a substantial question with respect to his excessiveness claim premised on the imposition of consecutive sentences. ***See Commonwealth v. Fisher***, 47 A.3d 155, 159 (Pa. Super. 2012) ("[A] bald assertion that a sentence is excessive does not itself raise a substantial question justifying this Court's review of the merits of the underlying claim."), ***appeal denied***, 62 A.3d 378 (Pa. 2013); ***see also Commonwealth v. Bromley***, 862 A.2d 598, 604 (Pa. Super. 2004) (explaining defendant did not raise a substantial question by merely asserting sentence was excessive when he failed to reference any section of Sentencing Code potentially violated by the sentence), ***appeal denied***, 881 A.2d 818 (Pa. 2005).

Even if we were to determine that Appellant's discretionary aspect of sentencing claim raised a substantial question, we still would conclude that he is not entitled to relief. "Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement." ***Moury***, 992 A.2d at 171 (citation omitted). "Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question."

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013), *appeal denied*, 77 A.3d 1258 (Pa. 2013); *see also* 42 Pa.C.S.A. § 9721(a) (providing that the court may impose sentences "consecutively or concurrently"); *Commonwealth v. Johnson*, 873 A.2d 704, 709 n.2 (Pa. Super. 2005) (noting that challenges to the trial court's discretion to impose consecutive or concurrent sentences ordinarily does not raise a substantial question), *appeal denied*, 887 A.2d 231 (Pa. 2005); *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995) (stating that an appellant is not entitled to a "volume discount" for his crimes by having all sentences run concurrently). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Moury*, 992 A.2d at 171-72 (citation omitted).

Instantly, Appellant seems to request a volume discount for pleading guilty to multiple crimes, because he claims that he has accepted responsibility, spared the victim the trauma of trial, and cooperated with the Commonwealth throughout the case. Appellant's Brief at 11. Beyond this, Appellant articulates no other reasons why the consecutive sentences in this case are harsh and excessive. Moreover, Appellant does not argue that his aggregate sentence of seven to fourteen years' imprisonment represents an "extreme circumstance." On the contrary, Appellant acknowledges that his sentence for each crime was in the standard range of the guidelines. *Id.*

Thus, we conclude that the trial court acted within its discretion in imposing consecutive sentences after reviewing the record and the presentence investigation report ("PSI") *sub judice*. We note that

> [w]here the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

*Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013) (citations and internal quotation marks omitted), *appeal denied*, 76 A.3d 538 (Pa. 2013). Here, the trial court provided the following rationale in support of Appellant's sentence:

> In fashioning the sentence, I am taking into consideration the statements of both counsel, the statement of the defendant, as well as the testimony of Brenda Manno, and the finding that you have been considered a [SVP]. I am taking into account the [PSI] which details the egregiousness of these crimes that you have committed as well as your prior record, which includes burglary, terroristic threats, numerous thefts, receiving stolen property, noting that you have received prior sentences and have been revoked from every sentence you received I think except for one.
>
> I'm also taking into account the fact that you have been diagnosed with an antisocial personality in conjunction with now you are a [SVP] and will be treated as such. I am also taking into account the guidelines as promulgated by the Pennsylvania Commission on Sentencing, and I further adopt the statements of the prosecutor today.

N.T. Sentencing, 7/11/17, at 30-31. Accordingly, we cannot conclude that the trial court's imposition of consecutive sentences rendered Appellant's aggregate sentence manifestly excessive sufficient to constitute an abuse of discretion.

With respect to Appellant's claim that the trial court failed to consider mitigating factors, we have "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) (quoting ***Commonwealth v. Downing***, 990 A.2d 788, 794 (Pa. Super. 2010)); ***see also Commonwealth v. Berry***, 785 A.2d 994 (Pa. Super. 2001) (explaining allegation that sentencing court failed to consider certain mitigating factor generally does not raise a substantial question); ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536, 545 (Pa. Super. 1995) ("[a]n allegation that a sentencing [judge] 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate,"), ***appeal denied***, 676 A.2d 1195 (Pa. 1996); ***Commonwealth v. Bershad***, 693 A.2d 1303, 1309 (Pa. Super. 1997) (finding absence of substantial question where appellant argued the trial court failed to adequately consider mitigating factors and to impose an individualized sentence). Consistent with the foregoing cases, we conclude that Appellant failed to raise a substantial question with respect to his claim that the trial court gave inadequate consideration to mitigating factors.

Even if we were to find a substantial question, Appellant still would not have been entitled to relief. As stated above, where the sentencing court had the benefit of a PSI, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. ***Griffin***, ***supra***. Here,

the trial court sentenced Appellant to a standard range sentence, had the benefit of a PSI, and explained its decision on the record. Thus, Appellant's claim fails.

In sum, we affirm Appellant's judgment of sentence in part and vacate it insofar as he has been designated a SVP in violation of ***Butler***. We remand this case to the trial court for further proceeding consistent with this Memorandum.

Judgment of sentence affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/22/2018</u>